**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4422**

—————————

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

        versus

CALVIN MCRAE,

                                  Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    Catherine C. Blake, District Judge.
(1:07-cr-00016-CCB)

—————————

Submitted:  November 14, 2007        Decided:  December 21, 2007

—————————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James Wyda, Federal Public Defender, Michael T. CitaraManis,
Assistant Federal Public Defender, Sherri Keene, Staff Attorney,
Greenbelt, Maryland, for Appellant.  Christopher John Romano,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin McRae pled guilty pursuant to a written plea agreement to attempting to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2000). McRae was sentenced, in accordance with the terms of his plea agreement, to 108 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but addressing whether McRae knowingly and intelligently waived his right to appeal. Counsel also addresses the reasonableness of McRae's sentence. McRae was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responsive brief.

Initially, McRae challenges the voluntariness of the appellate waiver provision in his plea agreement. However, because the Government has not sought to enforce the waiver, see United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007), we need not address this issue. Our review of the transcript of McRae's guilty plea hearing confirms that the court complied with Fed. R. Crim. P. 11.

McRae also contends his sentence is unreasonable. However, the district court appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the

advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) (2000) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). McRae's 108-month sentence, which is within the applicable guideline range and below the statutory maximum, is therefore presumptively reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007) (approving presumption of reasonableness accorded sentences within properly calculated guideline range). We discern no basis in this case to find that the presumption of reasonableness has been overcome. Moreover, McRae's sentence comports with the terms of his plea agreement.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED