**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-7645**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

JAMES GORMLEY,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:98-cr-00152-2; 3:03-cv-00340)

———————

Submitted: February 14, 2008    Decided: February 29, 2008

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Gormley, Appellant Pro Se. Philip Henry Wright, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Gormley appeals from the district court's entry of judgment on his 28 U.S.C. § 2255 (2000) motion for relief from judgment. The district court awarded a certificate of appealability ("COA") to Gormley on his contention that trial counsel rendered constitutionally ineffective assistance of counsel when he failed to persuade the trial court to accept his "theory of the defense" instruction and failed to preserve the issue for appeal. We deny relief on this issue and affirm.

In an appeal from the denial of a § 2255 motion, we review de novo the district court's legal conclusions. United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). In order to succeed on a claim of ineffective assistance, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of Strickland, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To satisfy the second prong, the defendant must show that there is a reasonable probability that his attorney's errors altered the outcome of the proceeding. Id. at 694.

Having reviewed the record and the district court's decision, we conclude that Gormley cannot establish that trial

counsel was ineffective in his conduct regarding a "theory of the defense" instruction.* Thus, we affirm the portion of the district court's order rejecting this claim for the reasons stated by the district court. United States v. Gormley, Nos. 3:98-cr-00152-2; 3:03-cv-00340 (S.D. W. Va. June 22, 2006). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*In addition, to the extent that appellate counsel's failure to raise this issue on appeal was included in the district court's certificate of appealability, we find that this claim fails under Strickland, as well.