**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5060**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JERRY JOSE DAVIS,

    Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00011-JPB-DJJ-2)

Submitted:  October 7, 2009   Decided:  October 15, 2009

Before WILKINSON, KING, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

William T. Rice, Martinsburg, West Virginia, for Appellant. Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Jose Davis seeks to appeal his conviction for distribution of cocaine base, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and the resulting seventy-seven month sentence. On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his opinion, there are no meritorious issues for review, but questioning whether the district court erred in calculating the guidelines sentencing range by awarding criminal history points for a 1991 bank robbery conviction. Davis was notified of his right to file a pro se supplemental brief but has not done so.

The Government has moved to dismiss the appeal, asserting it is barred by Davis's appellate waiver in the validly entered plea agreement. Davis's counsel has responded that the motion to dismiss should be denied because the court is required to conduct an independent review of the record for meritorious issues in accordance with Anders.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Federal Rule of Criminal Procedure 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137,

2

151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).  The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Davis knowingly and voluntarily waived the right to appeal any sentence within the statutory maximum.  The sole issue he raises on appeal falls within the scope of this waiver.  We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Davis's conviction that may be revealed pursuant to the review required by Anders.  In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore deny the Government's motion to dismiss in part and affirm Davis's conviction.

This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review.  If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

3

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART