**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4349**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

CHARLES NEWBY,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina at Raleigh. James C. Fox, Senior District Judge. (5:08-cr-00252-F-1)

Submitted: January 25, 2010     Decided: February 16, 2010

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mark R. Sigmon, GRAEBE HANNA & WELBORN, PLLC, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Newby seeks to appeal his conviction, after pleading guilty pursuant to a written plea agreement, on one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2006), and the resulting 172-month sentence. On appeal, Newby claims his plea was not knowing because he never admitted to distribution of more than 14.8 grams of cocaine base.

The Government has moved to dismiss the appeal, asserting that it is barred by Newby's appellate waiver in the validly entered plea agreement. Newby has responded that the motion to dismiss should be denied based on the reasons asserted in his opening brief.

A defendant may waive the right to appeal if that waiver is knowing and intelligent and the issue on which the defendant seeks to appeal is within the scope of the appeal waiver. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Rule 11 of the Federal Rules of Criminal Procedure, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68

2

(4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Newby knowingly and voluntarily waived the right to appeal any sentence that was not above the advisory Sentencing Guidelines range and any issues relating to the establishment of the Guidelines range. The terms of plea agreement specified that Newby was pleading guilty to Count One of the Indictment, which was conspiracy to distribute an amount of 50 grams or more of cocaine base. Newby signed the plea agreement, stipulating to the facts underlying his guilty plea.

At the time he entered his plea, Newby was a fifty-six year old man with an eleventh grade education. During his sentencing hearing, Newby stated that he had read and discussed the charges against him, and the applicability of the sentencing factors, including the sentencing guidelines, with his lawyer. The district court reviewed the specific terms of Newby's plea agreement with him in open court. He stated that he understood he was waiving his right to appeal his conviction, and his right to appeal a sentence within or below the specified advisory guidelines range. Newby specifically stated that he understood that he was pleading guilty to conspiring with another person to

3

intentionally distribute and possess with intent to distribute 50 grams or more of crack cocaine, and that he was, in fact, guilty of that particular crime. Newby is bound by his statements made under oath during his plea colloquy. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).[*]

The explicit terms of Newby's plea agreement, as well as his statements during his plea colloquy, fully support his guilt of, and sentencing based upon, involvement with 50 grams or more of cocaine base. The sentencing issues Newby raises on appeal fall within the scope of this waiver. We therefore grant the Government's motion to dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] Newby cites to United States v. Brooks, 524 F.3d 549 (4th Cir. 2008), and United States v. Collins, 415 F.3d 304 (4th Cir. 2005), to support his claim that he was sentenced upon an incorrect amount of crack. Newby fails to acknowledge, however, the distinguishing facts that he pled guilty to conspiracy of a particular drug amount, i.e., 50 grams or more of crack, and was sentenced based upon the attendant guidelines range for that amount to which he pled. As Newby admits on appeal, "the Collins principle helps determine the actual crime of conviction, which sets the statutory minimums and maximums for sentencing." Here, the "actual crime of conviction" was set by Newby's plea of guilt to Count One, which was conspiracy to distribute and possess with intent to distribute 50 grams or more of crack.

4

before the court and argument would not aid the decisional process.

DISMISSED