**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5141**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BRIAN CURTIS AUTRY,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:08-cr-00051-F-1)

_____

Submitted: May 20, 2010          Decided: June 11, 2010

_____

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Mitchell G. Styers, BANZET, THOMPSON & STYERS, PLLC, Warrenton, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Brian Curtis Autry pled guilty to possession with intent to distribute cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). He received a within-Guidelines sentence of 192 months' imprisonment. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Autry's sentence is reasonable. Autry was notified of his right to file a pro se supplemental brief but has not filed such a brief. The United States has moved to dismiss the appeal in part based on Autry's waiver in his plea agreement of his right to appeal the sentence. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant during the Rule 11 colloquy regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

In his plea agreement, Autry agreed to waive the right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing . . . ." At the Fed. R. Crim. P. 11 hearing, the district court explained the appellate waiver provision to Autry, and Autry stated that he understood the appellate rights that he was waiving.

Our de novo review of the record convinces us that Autry's waiver is valid and enforceable. Further, the issue he seeks to raise on appeal, the reasonableness of his sentence, falls within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We therefore grant the United States' motion to dismiss in part.

In accordance with Anders, we have thoroughly reviewed the record for any meritorious issues pertaining to Autry's convictions and have found none. We accordingly affirm the convictions and dismiss the appeal insofar as it relates to Autry's sentence. This court requires that counsel inform Autry, in writing, of his right to petition the Supreme Court of the United States for further review. If Autry requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to

3

withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Autry.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>