**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4850**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

ANTHONY MINCEY,

               Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Robert J. Conrad, Jr., Chief District Judge. (3:08-cr-00210-RJC-1)

Submitted:  January 31, 2011          Decided:  February 16, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant.   Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Anthony Mincey pled guilty to two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006) (Counts 2 and 4), and bank fraud, in violation of 18 U.S.C. § 1344 (2006) (Count 3). The district court sentenced Mincey to an aggregate term of sixty months of imprisonment, thirty-six months on Count Three to run consecutive to concurrent sentences of twenty-four months on each of Counts Two and Four. This appeal followed.

On appeal, Mincey's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by imposing a sentence within an admittedly correct Guidelines range. Mincey did not file a pro se supplemental brief, although informed of his right to do so. This court sought supplemental briefing from the parties on a sentencing issue. In its briefs, the Government now asserts that based on the appeal waiver in Mincey's plea agreement, this court should dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and

2

conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is knowing and voluntary, and thus enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). This court will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Id.

Mincey's plea agreement contained a broad waiver of his right to challenge his conviction and sentence on appeal, except for claims of prosecutorial misconduct or ineffective assistance of counsel. On appeal, Mincey does not challenge the voluntariness of his waiver, nor does the record support such a challenge. At the Rule 11 hearing, the Government specifically highlighted the appeal waiver in its summary of the plea agreement, and the magistrate judge verified that Mincey was aware of the waiver. Mincey, then thirty-seven with a twelfth-grade education, persisted in his desire to plead guilty. Accordingly, because Mincey knowingly and voluntarily entered

3

into the waiver and the Government invoked its enforcement, we dismiss Mincey's appeal as to the claims raised in the <u>Anders</u> brief and supplemental brief, which are clearly within the waiver's scope.

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and have found no unwaived and meritorious issues. Therefore we affirm the district court's judgment in part. This court requires that counsel inform Mincey in writing of his right to petition the Supreme Court of the United States for further review. If Mincey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mincey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4