**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Walter Oriley POINDEXTER,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Walter Oriley Poindexter,**
**Defendant–Appellant.**

Nos. 05–7635, 05–7636.

United States Court of Appeals,
Fourth Circuit.

Argued: May 22, 2007.

Decided: June 28, 2007.

**ARGUED:** Megan Elizabeth Quinlan, Covington & Burling, Washington, DC, for Appellant. Harry Mason Gruber, Assistant United States Attorney, Office of the United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Caroline M. Brown, Covington & Burling, Washington, DC, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by published opinion. Senior Judge HAMILTON wrote the opinion, in which Judge MOTZ and Judge SHEDD joined.

## OPINION

HAMILTON, Senior Circuit Judge.

Walter Poindexter filed a motion pursuant to 28 U.S.C. § 2255, contending, among other things, that his attorney rendered constitutionally ineffective assistance when he failed to file a timely notice of appeal after being unequivocally instructed to do so. In denying Poindexter's motion without an evidentiary hearing, the district court declined to resolve the factual dispute concerning whether Poindexter unequivocally instructed his attorney to file a timely notice of appeal. Instead, the court concluded that Poindexter's ineffective assistance of counsel claim lacked merit because: (1) in his plea agreement, Poindexter waived his right to appeal his conviction and sentence; and (2) Poindexter was sentenced in accordance with the terms of the plea agreement. Poindexter appeals. For the reasons stated below, we hold that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement. Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

## I

On October 23, 2003, Poindexter was charged by a federal grand jury sitting in the District of Maryland with conspiracy to distribute in excess of one kilogram of heroin, 21 U.S.C. §§ 841(a)(1) and 846, and three counts of distributing heroin, *id.* § 841(a)(1). The conspiracy count alleged that Poindexter and another individual used various locations in the City of Baltimore to cut, package, stash, and sell her-

oin. The conspiracy count also alleged as an overt act in furtherance of the conspiracy that, on January 22, 2001, Poindexter shot and killed another man that Poindexter believed was responsible for burglarizing one of the stash houses. The three distribution counts alleged that, on three separate occasions in September 2002, Poindexter sold a quantity of heroin to an FBI cooperating witness. On December, 1, 2003, the case went to trial. After three days of trial, Poindexter decided to plead guilty to the three distribution counts.

In the plea agreement, the parties stipulated to a drug amount substantially lower than the one kilogram quantity charged in the conspiracy count. For its part, the government agreed not to seek an enhancement to Poindexter's sentence based on Poindexter's alleged role in the January 22, 2001 shooting incident.[1] For his part, Poindexter agreed not to appeal his sentence, including "any issues that relate[d] to the establishment of the guideline range," (J.A. 39), provided: (1) the district court did not upwardly depart from the sentencing range provided for by the Sentencing Guidelines; or (2) the sentence imposed did not exceed the statutory maximum allowed under the law, which was twenty years' imprisonment on each count.[2]

On December 4, 2003, the district court held a Rule 11 hearing. See Fed. R.Crim.P. 11. During the hearing, Poindexter acknowledged that he had discussed the appeal waiver with his attorney, understood the nature of the waiver, and agreed to be bound by the waiver.

A presentence report (PSR) was prepared in preparation for sentencing. The PSR recommended a sentencing range of 168 to 210 months' imprisonment, based on the conclusion that Poindexter's total offense level was 30 and his criminal history category was VI. In accordance with the PSR's recommendations, the district court sentenced Poindexter to concurrent terms of 168 months' imprisonment on each count. Poindexter did not file a notice of appeal.

On March 28, 2005, Poindexter filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion, Poindexter claimed, among other things, that he was denied the effective assistance of counsel when his attorney failed to file a timely notice of appeal after he unequivocally instructed his attorney to do so.[3]

On August 8, 2005, the district court denied Poindexter's motion without an evidentiary hearing, holding, inter alia, that Poindexter could not prevail on his claim that his attorney rendered constitutionally

---

1. The City of Baltimore also agreed not to charge Poindexter with any offenses related to the January 22, 2001 incident.

2. In relevant part, the appeal waiver contained in the plea agreement provides:
 [Poindexter] . . . knowingly and expressly waive[s] all rights conferred by 18 U.S.C. Section 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range, reserving only the right to appeal from an upward . . . departure from the guideline range that is established at sentencing. Nothing in this agreement shall be con-

strued to prevent [Poindexter] . . . from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law. . . .
(J.A. 39).

3. In his § 2255 motion, Poindexter also challenged the voluntariness of his plea and the sufficiency of the evidence. He also presented a claim of prosecutorial misconduct and put forth other claims of ineffective assistance of counsel.

ineffective assistance of counsel when he failed to file a timely notice of appeal because Poindexter was sentenced within the sentencing range established by the Sentencing Guidelines and, therefore, any challenge to his sentence would fall under the appeal waiver contained in the plea agreement. In so ruling, the district court incorrectly observed that Poindexter's appeal waiver covered an appeal of his conviction, as opposed to just an appeal of his sentence. Also of note, the district court declined to resolve the factual dispute concerning whether Poindexter unequivocally instructed his attorney to file a timely notice of appeal.[4] Following the district court's denial of a certificate of appealability, Poindexter filed an application for a certificate of appealability in this court. On July 12, 2006, we granted Poindexter a certificate of appealability on his claim that his attorney rendered constitutionally ineffective assistance of counsel when he failed to file a timely notice of appeal after being unequivocally instructed to do so.

## II

 When reviewing an appeal from the denial of a § 2255 motion, we review *de novo* the district court's legal conclusions. *United States v. Nicholson,* 475 F.3d 241, 248 (4th Cir.2007). When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment. *Id.* In such a circumstance, we review the facts in the light most favorable to the § 2255 movant. *Id.* Because the district court did not hold an evidentiary hearing to resolve the question of whether Poindexter unequivocally instructed his attorney to file a

timely notice of appeal, we must assume that Poindexter did so instruct for purposes of resolving his appeal.

Poindexter contends that an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial, notwithstanding the fact that the client may have executed an appeal waiver. In response, the government submits that Poindexter's appeal waiver allowed the district court to dismiss his § 2255 motion if the district court found his claims frivolous, either because they were covered by the appeal waiver or because they failed on the merits.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has long recognized that the right to counsel includes "the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). An ineffective assistance of counsel claim requires a showing that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 The Constitution of course does not give a criminal defendant the right to appeal as a matter of right. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). However, the United States Code provides this right in 18 U.S.C. § 3742, and we have recognized that a defendant can waive this statutory

---

4. In contrast to Poindexter's insistence that he instructed his attorney to file a timely notice of appeal, there is evidence in the record suggesting the opposite is true. In a

February 16, 2005 letter to Poindexter, his attorney denied that he was instructed by Poindexter to file a notice of appeal.

right. *United States v. Wiggins,* 905 F.2d 51, 53 (4th Cir.1990).

In *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court applied *Strickland* to an ineffective assistance claim involving a defendant who did not give his attorney instructions on whether to file a timely notice of appeal. *Id.* at 476–87, 120 S.Ct. 1029. The defendant in that case neither asked his lawyer to file a timely notice of appeal nor consented to her not filing one. *Id.* at 475, 120 S.Ct. 1029. On appeal from the denial of relief under 28 U.S.C. § 2254, the Ninth Circuit held that the defendant was deprived of the effective assistance of counsel, holding that an attorney must file a timely notice of appeal unless the defendant specifically instructs otherwise. *Flores–Ortega,* 528 U.S. at 476, 120 S.Ct. 1029.

■ The Supreme Court in *Flores–Ortega* began its performance analysis by noting that an attorney who disregards a defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner. *Id.* at 477, 120 S.Ct. 1029. The Court also noted that an attorney is under no obligation to file a notice of appeal where the defendant explicitly instructs his attorney not to file one. *Id.* The performance issue in *Flores–Ortega*—was the attorney constitutionally deficient for not filing a notice of appeal where the defendant had not conveyed or clearly conveyed his appellate wishes—obviously fell somewhere "between" these two principles. *Id.*

■ The Court in *Flores–Ortega* rejected the brightline performance rule applied in the Ninth Circuit as "inconsistent with *Strickland*'s holding that 'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Id.* at 478, 120 S.Ct. 1029 (quoting *Strickland,* 466 U.S. at 688, 104

S.Ct. 2052). Instead, the Court opined that, in certain circumstances, an attorney is constitutionally required to "consult" with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes. *Id.* at 478, 120 S.Ct. 1029. The Court stated that an attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing. *Id.* at 480, 120 S.Ct. 1029. In assessing whether an attorney had a constitutional duty to consult, the Court indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. *Id.* In cases involving guilty pleas, the Court instructed lower courts to consider "whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights." *Id.*

■ Turning to the prejudice prong, the Court observed that a presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal. *Id.* at 483, 120 S.Ct. 1029. Thus, where the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the "forfeiture" of the appellate proceeding. *Id.*; *see also United States v. Sandoval–Lopez,* 409 F.3d 1193, 1195–99 (9th Cir.2005) (noting that the "prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal"). If the defendant did not so instruct his attorney and his attorney subsequently did not fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had

he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal. *Flores–Ortega*, 528 U.S. at 486, 120 S.Ct. 1029. Whether the defendant has met the prejudice standard "will turn on the facts of [the] particular case." *Id.* at 485, 120 S.Ct. 1029. However, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination." *Id.* In demonstrating prejudice, the defendant is under no obligation "to demonstrate that his hypothetical appeal might have had merit." *Id.* at 486, 120 S.Ct. 1029.

■ As noted above, the district court did not hold an evidentiary hearing to determine whether Poindexter unequivocally instructed his attorney to file a timely notice of appeal. Accordingly, we must assume that Poindexter did so instruct. This assumption is outcome determinative in this case for the following reasons. Once Poindexter unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so. Under *Flores–Ortega*, therefore, his attorney acted in a professionally unreasonable manner. Because his attorney's unprofessional conduct resulted in Poindexter losing his appellate proceeding, he has established prejudice under *Flores–Ortega* as well.

The government argues that *Flores–Ortega* did not involve an appeal waiver and, therefore, is distinguishable and of little assistance in this case. However, the Court in *Flores–Ortega* stated that, once an attorney is unequivocally instructed to file a timely notice of appeal, he is under an obligation to do so. *Id.* at 477, 120 S.Ct. 1029. Under the Court's holding in that case, it is only when the defendant either does not make his appellate wishes known or does not clearly express his wishes that an attorney has some latitude in deciding whether to file an appeal. *Id.* at 478–80, 120 S.Ct. 1029. Simply put, *Flores–Ortega* reaffirms the time-honored principle that an attorney is not at liberty to disregard the appellate wishes of his client. *See Peguero v. United States*, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."); *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) (holding that an attorney who disregards his client's instruction to file a timely notice of appeal acts in a professionally unreasonable manner); *Cf. United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993) (holding that a "criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success").

Next, the government argues that application of a rule requiring an attorney to file a timely notice of appeal when unequivocally instructed to do so by his client deprives, in the appeal waiver context, the government of the benefit of its bargain. According to the government, it bargained for Poindexter's appeal waiver and should receive the benefit of that bargain.

Plea bargaining is an "important component [ ] of this country's criminal justice system." *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136, (1977); *see also Brady v. United States*, 397 U.S. 742, 752 n. 10, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (recognizing that 90 to 95% of all criminal convictions involve guilty pleas). As the Supreme Court recognized in *Blackledge,*

[p]roperly administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. The public is protected from the risks posed by those charged with criminal offenses who are at large on bail while awaiting completion of criminal proceedings.

*Blackledge,* 431 U.S. at 71, 97 S.Ct. 1621. "Plea bargains rest on contractual principles," and, thus, each party to a plea agreement should receive the benefit of their respective bargain. *United States v. Ringling,* 988 F.2d 504, 506 (4th Cir.1993).

■ Appeal waivers also play an important role in the plea bargaining process. They not only alleviate the government of the burden of a costly appeal, but they also preserve the finality of judgments and sentences. *Wiggins,* 905 F.2d at 54; *see also United States v. Blick,* 408 F.3d 162, 167–68 (4th Cir.2005) (discussing the importance of appeal waivers). This court has enforced appeal waivers in a number of cases involving a variety of circumstances. *See, e.g., United States v. Johnson,* 410 F.3d 137, 151–53 (4th Cir.), *cert. denied,* 546 U.S. 952, 126 S.Ct. 461, 163 L.Ed.2d 350 (2005); *Blick,* 408 F.3d at 169–73; *United States v. General,* 278 F.3d 389, 399–401 (4th Cir.2002); *United States v. Brown,* 232 F.3d 399, 402–06 (4th Cir. 2000); *United States v. Brock,* 211 F.3d 88, 92 n. 6 (4th Cir.2000). We will enforce an appeal waiver so long as the waiver is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver. *Blick,* 408 F.3d at 168. Finally, we have "refused to enforce valid appeal waivers for a narrow

class of claims, ... based on our determination that those claims were not within the scope of the waiver." *Id.* at 171 (citation and internal quotation marks omitted). This narrow class of claims involves errors that the defendant "could not have reasonably contemplated" when the plea agreement was executed. *Id.* at 172; *see also United States v. Broughton–Jones,* 71 F.3d 1143 (4th Cir.1995) (holding that a valid appeal waiver in which the defendant waived her right to appeal her sentence on the grounds specified in 18 U.S.C. § 3742 did not preclude her from asserting on appeal that a restitution order to which she had formally agreed was not authorized by the applicable statute); *United States v. Attar,* 38 F.3d 727, 732–33 (4th Cir.1994) (noting that a defendant who agreed to a general appeal waiver did not waive his right to appeal his sentence on the ground that the proceedings following the entry of his guilty plea were conducted in violation of his Sixth Amendment right to counsel); *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992) (noting that a "defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race").

In the typical appeal waiver case, the government and the defendant enter into a plea agreement, wherein the defendant agrees to plead guilty and waive some or all of his appellate rights (including sometimes the right to pursue § 2255 relief) in exchange for the government's agreement to dismiss some of the charges pending against the defendant or to seek a lower sentence than the defendant could have faced had a judge or jury convicted him after a trial. After the defendant pleads guilty in the Rule 11 proceeding and the district court enters judgment, the case moves to the appellate phase.

In preparation for the appellate phase of the case, an attorney in an appeal waiver case still owes important duties to the defendant. First and foremost, the attorney, as recognized in *Flores–Ortega,* has the duty to respect the appellate wishes of his client by filing a timely notice of appeal if he is unequivocally instructed to do so. 528 U.S. at 476, 120 S.Ct. 1029. Second, as further recognized in *Flores–Ortega,* even if his client does not express (or clearly express) a desire to appeal, the attorney may be required to file a timely notice of appeal after appropriate consultation with the his client. *Id.* at 478.[5]

If a notice of appeal is ultimately filed, an attorney has yet other duties owing to his client. These duties include examining the trial record and identifying and weighing potential issues for appeal. If the appropriate review reveals a meritorious issue for appeal, the attorney is ethically required to prepare a brief on the merits and argue the appeal. If the appropriate review reveals only frivolous issues, the attorney can file a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[6]

■■■■■■ If a merits brief is filed, the government is free to: (1) raise the appeal waiver issue and argue that the appeal should be dismissed based on the waiver; (2) assert that it is no longer bound by the plea agreement because the defendant's appeal amounts to a breach of that agreement; or (3) decline to rely on the appeal waiver and address the merits, *see United States v. Metzger,* 3 F.3d 756, 757–58 (4th Cir.1993) (holding that, if the government has failed to assert the waiver as a bar to the appeal, the government waives reliance on the waiver). If an *Anders* brief is filed, the government is free to file a responsive brief raising the waiver issue (if applicable) or do nothing, allowing this court to perform the required *Anders* review. Of course, if the defendant files *pro se* submissions raising issues within the scope of the appeal waiver while his *Anders* brief is pending, the government is free to raise the waiver issue at that time. In either the case of a merits brief or the case of an *Anders* brief, the government receives the benefit of its bargain, as it is allowed to raise the appeal waiver issue if it so desires.

■■■■■ Following an unsuccessful appeal (or in the case of no appeal at all), the case moves on to the collateral phase, wherein the defendant may file a motion pursuant to § 2255. If the defendant raises issues covered by the appeal waiver, the government is free to argue that the district court's consideration of the issues are covered by the appeal waiver or that it is no longer bound by the plea agreement because the defendant is raising issues covered by the waiver. *Cf. Williams v. United States,* 396 F.3d 1340, 1342 (11th Cir.) (holding that a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of

---

5. As recognized by the Court in *Flores–Ortega,* "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal." 528 U.S. at 479, 120 S.Ct. 1029.

6. *Anders* requires that: (1) appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that

arguably could support an appeal; (2) a copy of that brief be furnished to the defendant; and (3) after providing the defendant with an opportunity to respond, the appellate court must conduct an independent and complete examination of the proceedings to determine if further review is merited. 386 U.S. at 744, 87 S.Ct. 1396.

counsel during sentencing), *cert. denied,* 546 U.S. 902, 126 S.Ct. 246, 163 L.Ed.2d 226 (2005); *United States v. White,* 307 F.3d 336, 341–44 (5th Cir.2002) (same); *Garcia–Santos v. United States,* 273 F.3d 506, 508–09 (2d Cir.2001) (same); *Davila v. United States,* 258 F.3d 448, 451–52 (6th Cir.2001) (same); *United States v. Cockerham,* 237 F.3d 1179, 1183–87 (10th Cir. 2001) (same); *Mason v. United States,* 211 F.3d 1065, 1069–70 (7th Cir.2000) (same). The government can also ignore the appeal waiver and address the merits of the § 2255 motion. Thus, as in the context of an appeal, the government receives the benefit of its bargain on collateral review, as it is allowed to raise the appeal waiver issue if it so desires.

In this particular case, the government is seeking more than it bargained. It wants Poindexter to lose his right to appeal.[7] The government also wants Poindexter to lose altogether the assistance of counsel at the important stage of determining whether to pursue an appeal.[8] The government wants all of this even though, if Poindexter is ultimately allowed to appeal, the government will still receive the benefit of its bargain, as it will be able to raise the appeal waiver issue on appeal.

We have refused to enforce appeal waivers in cases that involve errors that the defendant "could not have reasonably contemplated" when the plea agreement was executed. *Blick,* 408 F.3d at 172. At the time he executed the plea agreement, it cannot be said that, by agreeing to waive

his right to appeal his sentence, Poindexter was agreeing to waive the right to the effective assistance of counsel in pursuing an appeal. To hold otherwise, we would have to conclude that, at the time he executed the plea agreement, Poindexter was agreeing to forego an appeal altogether. Obviously, we are not at liberty to intimate such a conclusion, which would undermine the Supreme Court's holdings in *Flores–Ortega* and *Anders.*

The government also argues that, if we place limits on a district court's ability to dismiss a meritless § 2255 motion, the number of § 2255 motions filed in the district courts will dramatically increase. With all due respect to the position taken by the government, we do not see the workload of our district courts increasing. Under our approach, when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed. Under the government's approach, a defendant is free to file a § 2255 motion, but the motion is subject to dismissal at that time if the court finds that any appeal would have been covered by the appeal waiver or if the court finds that the issues raised in the motion are meritless. In both instances, the court is burdened by the filing of a § 2255 motion. Moreover, we are skeptical that a simple evidentiary hearing is more complicated than a merits assess-

---

**7.** The government seeks this even though, at the time the parties executed the plea agreement, the parties understood that an appeal was possible, at a minimum, attacking either the judgment of conviction or the validity of the plea. As noted earlier, the waiver executed by Poindexter only applied to issues related to his sentence.

**8.** Under the Federal Rules of Appellate Procedure, a defendant has ten days to appeal

following the entry of judgment. Fed. R.App. P. 4(b)(1)(A). The ten-day period is mandatory and jurisdictional. *United States v. Robinson,* 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). The assistance of counsel is essential to the defendant during this ten-day period, because it is through the assistance of counsel that the defendant can make an informed decision concerning whether there are viable issues to raise on appeal.

ment of every issue raised in the § 2255 motion.

## III

Our decision today is consistent with the four United States Courts of Appeal that have concluded that an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal. *See San-doval–Lopez*, 409 F.3d at 1195–99 (concluding that an ineffective assistance of counsel claim is established where an attorney fails to file a requested notice of appeal even where a waiver of appeal is present); *see also Campusano v. United States*, 442 F.3d 770, 772–77 (2d Cir.2006) (same); *Go-mez–Diaz v. United States*, 433 F.3d 788, 791–94 (11th Cir.2005) (same); *United States v. Garrett*, 402 F.3d 1262, 1265-67 (10th Cir.2005) (same). In each of these cases, the court concluded, as we do today, that its decision was compelled by the Supreme Court's decision in *Flores–Orte-ga*. *See Campusano*, 442 F.3d at 773–77; *Sandoval–Lopez*, 409 F.3d at 1197; *Gar-rett*, 402 F.3d at 1266; *Gomez–Diaz*, 433 F.3d at 793–94. These cases also recognize, as we do, that most successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date. *See, e.g., Campusano*, 442 F.3d at 777. As the court noted in *Cam-pusano*, "[t]here will not be many cases in which a defendant whose attorney fails to file a notice of appeal after a plea agreement and a waiver of appeal, and whose hypothetical appeal seems meritless during ineffective-assistance habeas review, eventually prevails." *Id.* However, as rare as those instances might be, we cannot take the easy road, say, by conducting our own independent merits review of Poindexter's claims. *Cf. Garrett*, 402 F.3d at 1265–66 ("Allowing the defendant to proceed in

spite of unpersuasive pro se arguments is not a matter of formalistic compliance with a technical rule merely postponing the inevitable denial of relief on the merits.... Rather, it serves to safeguard [ ] important interests with concrete and potentially dispositive consequences which can be guaranteed only by the direct-appeal process and the concomitant right to counsel.") (citation and internal quotation marks omitted).

In sum, we hold that an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. In this case, although there is a real possibility that Poindexter will face a higher sentence or even charges related to the January 21, 2001 incident if he decides to appeal, his right to appeal cannot be thwarted by attorney error.

Accordingly, the district court's order denying Poindexter's § 2255 motion is vacated, and the case is remanded with instructions to hold an evidentiary hearing to determine whether Poindexter unequivocally instructed his attorney to file a notice of appeal. If his attorney was so instructed, Poindexter is to be allowed a direct appeal. If his attorney was not so instructed, the court will have to determine if Poindexter met his burden of showing that: (1) his attorney had a duty to consult under *Flores–Ortega*; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations.

*VACATED AND REMANDED*