**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-7731**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SPENCER T. MYERS,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (CR-00-62; CA-03-2220-3)

_____

Submitted:  September 9, 2008      Decided:  September 19, 2008

_____

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Spencer T. Myers, Appellant Pro Se.  Richard Gregory McVey, Assistant United States Attorney, Huntington, West Virginia; Hunter Paul Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Spencer T. Myers appeals from the district court's denial of his 28 U.S.C. § 2255 (2000) motion for relief from judgment. The district court denied Myers' § 2255 motion, which raised several claims, but awarded a certificate of appealability on one issue: whether the public safety exception to the warrant requirement authorized the pre-Miranda* questioning of Myers about the location of a firearm used in a murder. We deny relief and affirm as to this issue, and dismiss Myers' appeal as to all other claims.

In an appeal from the denial of a § 2255 motion, we review de novo the district court's legal conclusions. United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). In order to succeed on a claim of ineffective assistance, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of Strickland, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. To satisfy the second prong, the defendant must show there is a reasonable probability that his attorney's errors altered the outcome of the proceeding. Id. at 694.

*Miranda v. Arizona, 384 U.S. 436 (1966).

2

Having reviewed the record and the district court's decision, we conclude that Myers cannot establish that trial counsel was ineffective for failing to seek suppression of the seized evidence on the basis of the alleged Fifth Amendment violation. Thus, we affirm the portion of the district court's order rejecting this claim for the reasons stated by the district court. <u>United States v. Myers</u>, Nos. 3:00-cr-00062; 3:03-cv-02220-3 (S.D. W. Va. Aug. 11, 2005). We deny a certificate of appealability and dismiss the appeal as to all other issues raised in Myers' § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>