**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4598**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

PHILLIP EUGENE HILL,

              Defendant – Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00023-MR-DLH-6)

———————

Submitted: March 29, 2011          Decided: April 11, 2011

———————

Before WILKINSON, MOTZ, and WYNN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Eugene Hill pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2010) and 21 U.S.C. § 846 (2006). The district court determined that Hill was a career offender under the U.S. Sentencing Guidelines Manual ("USSG") (2008) and, after granting the Government's USSG § 5K1.1, p.s., motion, sentenced Hill to 210 months' imprisonment. Hill appeals his sentence and argues on appeal that the district court erred in sentencing him as a career offender and trial counsel rendered ineffective assistance. Relying on the waiver of appellate rights in Hill's plea agreement, the Government urges the dismissal of this appeal. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court

reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Hill knowingly and voluntarily waived the right to appeal his sentence, except based on claims of ineffective assistance of counsel or prosecutorial misconduct, and that the magistrate judge fully questioned Hill regarding the appeal waiver at the Fed. R. Crim. P. 11 hearing. Accordingly, the waiver is valid.

Hill claims that the appeal waiver is not enforceable against him because the Government breached the plea agreement by arguing at sentencing for the application of the career offender Guideline, even though it had not filed notice under 21 U.S.C. § 851 (2006) of its intent to seek enhanced penalties against him. This court "will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver." United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). The government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled. See Santobello v. New York, 404 U.S. 257, 262 (1971). Because Hill did not raise his claim of breach in the district court, we review it for plain error. See Puckett v. United States, 129 S. Ct. 1423, 1428-29 (2009).

After review of the record, we conclude that the Government was not obligated by the terms of the plea agreement

3

to refrain from arguing at sentencing for the application of the career offender Guideline to Hill. Accordingly, the Government did not breach the plea agreement by so arguing without having filed notice under 21 U.S.C. § 851. Hill's claim of breach fails, and the plea agreement and its appeal waiver are enforceable against him. Because Hill's challenge to the application of the career offender Guideline falls within the waiver's scope, we grant the Government's request in part and dismiss this portion of the appeal. Hill, however, preserved the right to appeal his sentence on the basis of ineffective assistance of counsel. Consequently, we deny the Government's request to dismiss in part.

Turning, then, to Hill's unwaived claim of ineffective assistance of counsel, this claim is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's ineffectiveness conclusively appears on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Because we find no conclusive evidence on the face of the present record that trial counsel rendered ineffective assistance, we decline to address the merits of this claim on direct appeal. Accordingly, we affirm in part.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>