**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4794**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VINCENT LAMAR BOULWARE,

Defendant – Appellant.

**No. 10-4795**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VINCENT LAMAR BOULWARE,

Defendant – Appellant.

**No. 10-4796**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

VINCENT LAMAR BOULWARE,

            Defendant – Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:08-cr-00082-MR-1; 1:09-cr-00055-MR-2; 1:09-cr-00058-MR-3)

_____

Submitted:  June 3, 2011                    Decided:  June 15, 2011

_____

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Aaron E. Michel, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Lamar Boulware pleaded guilty, pursuant to a written plea agreement, to three counts of bank robbery, in violation of 18 U.S.C. § 2113 (2006). The district court sentenced Boulware to 188 months' imprisonment. Boulware appeals his sentence and argues on appeal that his sentence was procedurally and substantively unreasonable and that his trial counsel provided ineffective assistance. Relying on the waiver of appellate rights in Boulware's plea agreement, the Government urges the dismissal of this appeal. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Boulware knowingly and voluntarily waived the right to appeal his

3

conviction and sentence, except based on claims of ineffective assistance of counsel or prosecutorial misconduct, and that the magistrate judge fully questioned Boulware regarding the appeal waiver at the Fed. R. Crim. P. 11 hearings.  Accordingly, the waiver is valid.

Because Boulware's challenges to the procedural and substantive reasonableness of his sentence fall within the waiver's scope, we grant the Government's request in part and dismiss this portion of the appeal.  Boulware, however, preserved the right to appeal on the basis of ineffective assistance of counsel.

Turning, then, to Boulware's claim of ineffective assistance of counsel, we conclude that such a claim is more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's ineffectiveness conclusively appears on the record.  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Because we find no conclusive evidence on the face of the present record that trial counsel rendered ineffective assistance, we decline to address the merits of this claim on direct appeal.

Accordingly, we affirm the judgment of the district court in part and dismiss the appeal in part.  We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART