**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4752**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

            v.

CURTIS JEROME LYTLE, a/k/a Curtis Blow, a/k/a Pimp,

                  Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:07-cr-00033-MR-6)

Submitted:  January 19, 2012        Decided:  February 2, 2012

Before KING, KEENAN, and FLOYD, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

Eric C. Bohnet, ERIC C. BOHNET, ATTORNEY AT LAW, Indianapolis,
Indiana, for Appellant.  Richard Lee Edwards, Amy Elizabeth Ray,
Assistant United States Attorneys, Asheville, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Jerome Lytle pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), 846 (2006), and was sentenced to 144 months in prison. On appeal, Lytle asserts that his sentence is unreasonable and must be vacated because the district court mistakenly believed it was prohibited by Tapia v. United States, 131 S. Ct. 2382 (2011), from considering rehabilitation as a basis for reducing Lytle's sentence. Relying on the waiver of appellate rights in Lytle's plea agreement, the Government urges the dismissal of this appeal. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We conclude that Lytle knowingly and voluntarily waived the right to appeal his conviction and sentence, except based on

2

claims of ineffective assistance of counsel or prosecutorial misconduct. Because the waiver is valid and precludes Lytle's challenge as to the reasonableness of his sentence, we dismiss the appeal in part.

Lytle's appellate waiver does not bar his claim that his counsel was ineffective for failing to attempt to correct the district court's alleged misunderstanding of Tapia. Ineffective assistance of counsel claims are not generally cognizable on direct appeal, however, unless ineffective assistance "conclusively appears" on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because we find no conclusive evidence on the face of the present record that trial counsel rendered ineffective assistance, we find that this claim is more appropriately raised in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion, United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999), and decline to address the merits of this claim on Lytle's direct appeal. Accordingly, we affirm in part.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART