**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher William ODEN,**
**Defendant–Appellant.**

**No. 12–4119.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 16, 2012.

Decided: Aug. 24, 2012.

Stephen D. Herndon, Wheeling, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Erin K. Reisenweber, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher William Oden pled guilty pursuant to a plea agreement to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5) (2006). He was sentenced to the statutory maximum ten year sentence. On appeal, Oden claims that the Government breached the plea agreement by not recommending a sentence at the low end of the Sentencing Guidelines' range of imprisonment. The Government contends it was not obligated to make the recommendation because Oden did not fulfill the terms of the agreement. The Government further contends that because Oden agreed to waive his right to appeal any sentence within the statutory maximum, the appeal should be dismissed. Because we conclude that the Government did not breach the plea agreement and that the appeal waiver should be enforced, we dismiss the appeal.

Oden entered into a plea agreement in which he was informed that the maximum statutory sentence was ten years' imprisonment. The plea agreement contained the following provisions that are relevant to this appeal: (1) Oden would be forthright and truthful with regard to all inquiries made of him, and (2) he would give timely and complete information about his criminal involvement. Oden also acknowledged that he would receive the benefit of a reduction to his offense level if he accepted responsibility. Oden was aware that if, "in the opinion of the United States," (Joint Appendix at 46), Oden failed to cooperate as promised, the Government was not obligated to recommend a sentence at the low end of the Guidelines.

At sentencing, the Government stated that it was not going to recommend a sentence at the low end of the Guidelines because it was of the opinion that Oden had not taken responsibility for his criminal conduct and that there were discrepancies and omissions in Oden's account of what occurred.

Because Oden did not object to the Government's recommendation as a breach of the plea agreement, this court's review is

for plain error. *Puckett v. United States,* 556 U.S. 129, 133–36, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009); *United States v. McQueen,* 108 F.3d 64, 65–66 & n. 1 (4th Cir.1997) (citing *United States v. Fant,* 974 F.2d 559, 565 (4th Cir.1992)). "It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow,* 234 F.3d 187, 189 (4th Cir.2000). Under plain error review, Oden must show not only that the plea agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" *McQueen,* 108 F.3d at 66 & n. 4 (quoting *Fant,* 974 F.2d at 565).

We conclude that there was no error, much less plain error. Our review of the record supports the Government's findings regarding Oden's agreement to take responsibility for his conduct and to be forthright and truthful. Because Oden did not fulfill his obligations under the agreement, the Government was not obligated to recommend a sentence at the low end of the Guidelines. Accordingly, there was no breach by the Government.

The Government seeks enforcement of the appeal waiver in the plea agreement. A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. *United States v. Poindexter,* 492 F.3d 263, 270 (4th Cir.2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Rule 11, the waiver is both valid and enforceable. *United States v. Johnson,* 410 F.3d 137, 151 (4th Cir.2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. *United States v. Blick,* 408 F.3d 162, 168 (4th Cir.2005). Where the Government seeks to enforce an appeal waiver and there is no substantiated claim that the Government breached its obligations under the plea agreement, this court will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal, and (2) the issue being appealed is within the scope of the waiver. *Id.* at 168 & n. 5.

Oden waived his right to appeal any sentence within the maximum provided by statute. This portion of the plea agreement was reviewed at the Rule 11 hearing and Oden acknowledged that he agreed to the provision. On appeal, Oden argues that the appeal waiver is not enforceable because the Government breached the plea agreement.

Because the Government did not breach the plea agreement and Oden does not raise an issue outside the scope of the agreement, the appeal waiver will be enforced.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*