**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4815**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

JEFFREY GLENN TOOHEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  W. Earl Britt, Senior
District Judge.  (4:12-cr-00046-BR-1)

Submitted:  February 28, 2013         Decided:  March 15, 2013

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Arza Feldman, Steven A. Feldman, FELDMAN AND FELDMAN, Union
Dale, New York, for Appellant.  Jennifer P. May-Parker, Stephen
Aubrey West, Assistant United States Attorneys, Felice McConnell
Corpening, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Glenn Toohey pled guilty to aiding and abetting identity theft, 18 U.S.C. §§ 1028(a)(7), (c)(3)(A), 2 (2006); aiding and abetting access device fraud, 18 U.S.C. §§ 1029(a)(2), 2 (2006); two counts of aggravated identity theft, 18 U.S.C. § 1028A (2006); bank fraud, 18 U.S.C. § 1344(1), (2) (2006); and conspiracy to present false claims, 18 U.S.C. § 287 (2006). He received an aggregate sentence, within the advisory Guidelines range, of 125 months' imprisonment.

On appeal, Toohey argues the sentencing court erred in overruling his objection to a leadership enhancement and in failing to address his argument for a military service departure under U.S. Sentencing Guidelines Manual § 5H1.11 (2011). While acknowledging the appellate waiver in his opening brief, Toohey maintains that the waiver was not knowing, intelligent, or voluntary. The Government moves to dismiss the appeal, asking this court to enforce Toohey's appellate waiver. Toohey opposes the motion, reiterating his position that the waiver is unenforceable. We grant the Government's request and dismiss.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his

2

right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, a district court's failure to abide strictly by the requirements of Rule 11 will not render an appeal waiver unenforceable if the record indicates that the defendant otherwise understood its significance. United States v. General, 278 F.3d 389, 400–01 (4th Cir. 2002). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, Toohey's brief, the Government's motion, and Toohey's response, we conclude that Toohey voluntarily, knowingly, and intelligently waived his right to appeal his sentence and that the appeal waiver is enforceable against him. Although Toohey challenges the enforceability of the waiver, he does not dispute that the claims he raises on appeal fall within the scope of the waiver. Accordingly, because Toohey's valid and enforceable appeal waiver precludes this appeal, we dismiss it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3