**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4328**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

PATRICK JEROME BOYD, a/k/a LD,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:10-cr-00072-MOC-1)

─────────────

Submitted:  March 7, 2013          Decided:  May 6, 2013

─────────────

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

─────────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

─────────────

Dennis M. Hart, Washington, D.C., for Appellant.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Jerome Boyd appeals his 240-month sentence following his guilty plea pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine and at least fifty grams of cocaine base, in violation of 21 U.S.C.A. § 841(b)(1)(A) (West 2006 & Supp. 2012) and 21 U.S.C. § 846 (2006). The Government argues that Boyd's appeal of his sentence is foreclosed by the waiver of appeal rights in his plea agreement. We dismiss in part and affirm in part.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to

waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. Id. at 168 & n.5.

Upon review of the record and the parties' briefs, we conclude that Boyd knowingly and voluntarily waived the right to appeal his 240-month sentence. Accordingly, we dismiss the portion of Boyd's appeal challenging his sentence under United States v. Simmons, 649 F.3d 237, 241-47 (4th Cir. 2011) (en banc).

Boyd also challenges his sentence on the basis that trial counsel rendered ineffective assistance at the sentencing hearing. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. Id. An exception exists, however, where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). After review of the record, we find no conclusive evidence that trial counsel rendered ineffective assistance, and we therefore decline to consider this claim on direct appeal.

Accordingly, we dismiss the appeal in part and affirm the district court's judgment in part. We deny the Government's motion to strike a portion of the joint appendix. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br>
<u>AFFIRMED IN PART</u>