**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4017**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DONALD RAY BECK,

              Defendant - Appellant.

———————

**No. 14-4023**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ANGELA MICHELLE BECK,

              Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:13-cr-00186-CCE-5; 1:13-cr-00186-CCE-6)

———————

Submitted:  November 10, 2014        Decided:  January 6, 2015

———————

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————————

James B. Craven III, Durham, North Carolina; Helen Parsonage, ELLIOT MORGAN PARSONAGE, Winston-Salem, North Carolina, for Appellants. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Donald Ray Beck appeals his 195-month sentence and Angela Michelle Beck appeals her 189-month sentence imposed following their guilty pleas pursuant to plea agreements to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) (2012). The Government argues that the Becks' appeals are foreclosed by the waiver of appeal rights in their plea agreements. We dismiss the appeals.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver if the record establishes

3

that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. Id. at 168 & n.5.

Upon review of the record and the parties' briefs, we conclude that the Becks knowingly and voluntarily waived the right to appeal their sentences and that their appellate challenges fall squarely within the compasses of their waivers of appellate rights. Accordingly, we dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

4