**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-7846**

—————————

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

EDGAR BENITEZ HERNANDEZ, a/k/a Clavo, a/k/a Shadow,

       Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:10-cr-00223-CMH-1; 1:14-cv-01042-CMH)

—————————

Submitted: April 17, 2015          Decided: May 19, 2015

—————————

Before MOTZ, DUNCAN, and HARRIS, Circuit Judges.

—————————

Vacated and remanded by unpublished per curiam opinion.

—————————

Edgar Benitez Hernandez, Appellant Pro Se. Patricia Marie Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edgar Benitez Hernandez seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 (2012) motion. We grant a certificate of appealability, vacate the district court's order, and remand for further proceedings.

Hernandez pled guilty to two counts of use and discharge of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). Hernandez did not appeal his conviction or sentence; instead, he filed a § 2255 motion alleging that he directed his counsel to note an appeal but counsel failed to do so. Without conducting an evidentiary hearing or determining whether Hernandez unequivocally asked counsel to file a notice of appeal, the district court denied relief on Hernandez's § 2255 motion. In so doing, the district court held that because Hernandez's plea agreement contained an appellate waiver, counsel acted reasonably by not filing a notice of appeal and counsel's failure did not prejudice Hernandez.

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment [and] we review the facts in the light most favorable to the § 2255 movant." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). Accordingly, for the purposes of this appeal, we must assume, as

2

Hernandez contends, that he unequivocally asked counsel to file a notice of appeal. Id. at 267, 269.

The Sixth Amendment obligates counsel to file a notice of appeal when a defendant requests him to do so; a waiver of appellate rights in a defendant's plea agreement does not absolve counsel of this duty. Id. at 268-69. Counsel's failure to file a requested notice of appeal prejudices the defendant because it deprives him of his appellate proceeding. Id. at 269.

Accordingly, we grant a certificate of appealability, grant Hernandez leave to proceed in forma pauperis, and vacate the district court's order denying relief on Hernandez's § 2255 motion. Because it is not apparent from the record whether counsel fulfilled his obligations in regard to Hernandez's appellate rights, see Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000), Poindexter, 492 F.3d at 271, we remand so that the district court can make this determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED