**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6143**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA GREGORY RICHARDSON, a/k/a "L,"

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:17-cr-00148-1; 2:18-cv-01503)

Submitted: August 25, 2020                    Decided: September 8, 2020

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Gregory Richardson, Appellant Pro Se. Richard Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Gregory Richardson appeals the district court's order accepting the magistrate judge's recommendation and denying relief on Richardson's 28 U.S.C. § 2255 motion and a subsequent order denying Richardson's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. Richardson contends that his counsel provided ineffective assistance by failing to obtain dash camera footage of a traffic stop and by failing to move to suppress evidence recovered from that stop. The district court granted a certificate of appealability, and we affirm.[*]

"We review *de novo* a district court's legal conclusions in denying a § 2255 motion," including "any mixed questions of law and fact addressed by the court as to whether the petitioner has established a valid Sixth Amendment ineffective assistance claim." *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). Thus, the facts must be considered "in the light most favorable to the § 2255 movant." *Id.*

---

[*] The Government argues that Richardson's appeal is untimely. When the United States or its officer or agency is a party in the case, any party must file a notice of appeal within 60 days. Fed. R. App. P. 4(a)(1)(B). If a party files in the district court a motion to alter or amend the judgment under Rule 59(e) within 28 days after entry of the judgment, the time to appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e). Because Richardson appealed within 60 days of the denial of his Rule 59(e) motion, his appeal is timely.

A federal prisoner bringing a claim of ineffective assistance of counsel bears the burden of "show[ing] that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the performance prong, the prisoner must demonstrate "that counsel's representation fell below an objective standard of reasonableness" as evaluated "under prevailing professional norms." *Id*. at 688. This standard requires "a court [to] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotation marks omitted).

To satisfy the prejudice prong, the prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of a guilty plea, the prisoner must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, he "must convince the court that such a decision would have been rational under the circumstances." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012) (internal quotation marks omitted). "[W]hat matters is whether proceeding to trial would have been objectively reasonable in light of all the facts." *Id*.

We have reviewed the record, including the dash camera footage, and conclude that Richardson failed to demonstrate prejudice resulting from counsel's alleged errors. Specifically, Richardson has not shown a reasonable probability that a suppression motion

would have been successful. Furthermore, even if a suppression motion had been successful, Richardson has not shown that it would have been objectively reasonable for him to proceed to trial considering the Government's other evidence. Accordingly, we affirm the district court's judgment.

Richardson has also filed an emergency motion, in which he raises the threat of the novel coronavirus and the resulting respiratory disease of COVID-19 to inmates at the facility where he is incarcerated. The authority to grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides with the sentencing court. Although the sentencing court has denied similar motions by Richardson, Richardson has not appealed those denials. We therefore deny Richardson's motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*