**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4347**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

FRED JIMMY CONDREY, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-00322-PMD-1)

———————

Submitted: October 27, 2011      Decided: November 7, 2011

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

O. Grady Query, Paul N. Uricchio, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Jimmy Condrey, Jr., appeals from the district court's 240-month sentence following his guilty plea to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of possession with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. § 841(a)(1). Condrey challenges his sentence as unreasonable, arguing that the 18 U.S.C. § 3553(a) (2006) factors warranted a significantly lower sentence and that the district court erred in considering Condrey's prior statements in calculating the drug weight attributable to him. The Government filed a responsive brief arguing that, because Condrey waived his right to appeal his sentence, this court should dismiss Condrey's appeal. In his reply brief, Condrey argued that his waiver was not valid. Concluding that Condrey validly waived his right to appeal his sentence, and that the issues raised are within the scope of the waiver, we dismiss his appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We look to the totality of the

circumstances to determine whether a particular waiver is knowing and intelligent. <u>United States v. Manigan</u>, 592 F.3d 621, 627 (4th Cir. 2010). Our review of the record leads us to conclude that Condrey did knowingly and voluntarily waive the right to appeal his conviction and sentence. Both of the issues raised in Condrey's brief fall within the scope of the waiver.

We therefore dismiss Condrey's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>