**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4123**

_____

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

JOKARI LEE BARNETT,

          Defendant – Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:10-cr-00005-JPB-DJJ-1)

_____

Submitted:  October 20, 2011      Decided:  November 10, 2011

_____

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

James S. Hewes, Portland, Maine, for Appellant.   William J. Ihlenfeld, II, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jokari Lee Barnett pleaded guilty pursuant to a written plea agreement to distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Barnett to 132 months' imprisonment. Barnett appeals, arguing that the Government breached the terms of the plea agreement and that the district court erred in both applying a two-level enhancement for obstruction of justice and in declining to apply a three-level reduction for acceptance of responsibility. Further, Barnett argues that his rights under the double jeopardy clause of the Fifth Amendment were violated because he was punished twice for the same criminal conduct. The Government, in its response, asserts that Barnett waived his appellate rights and that his claims are within the scope of the waiver. In light of the waiver, the Government urges dismissal of this appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly

2

waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record, we conclude that Barnett knowingly and voluntarily waived the right to appeal his sentence, and that the magistrate judge fully questioned Barnett regarding the appeal waiver at the Fed. R. Crim. P. 11 hearings. Accordingly, the waiver is valid. We further find that the Government did not breach the plea agreement. Because Barnett's challenges to the calculation of his sentence and his double jeopardy claim fall within the waiver's scope, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED