**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4549**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

IVAN C. SCHLAGER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Chief District Judge. (3:07-cr-01192-MBS-1)

Submitted: January 19, 2012     Decided: January 31, 2012

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Cameron B. Littlejohn, Jr., Columbia, South Carolina, for Appellant. Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney General, Ellen R. Meltzer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan C. Schlager pled guilty, pursuant to a written plea agreement, to two counts of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2011). Schlager was sentenced to concurrent terms of eighty-five-months' imprisonment and was ordered in the court's third amended judgment to pay restitution in the amount of $23,167,242.76, a $120,000 increase above the restitution amount ordered in the court's initial judgment. On appeal, Schlager argues that the district court committed significant procedural error by failing to explain sufficiently its decision to impose the eighty-five-month prison terms. Schlager also urges this court to set aside the $120,000 increase in the restitution amount and remand the case to the district court for further proceedings. Relying on the waiver of appellate rights in Schlager's plea agreement, the Government urges dismissal of the appeal. We grant the Government's request and dismiss.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151

2

(4th Cir. 2005). However, a district court's failure to abide strictly by the requirements of Rule 11 will not render an appeal waiver unenforceable if the record indicates that the defendant otherwise understood its significance. United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

After reviewing the record and the parties' briefs, we conclude that Schlager knowingly and voluntarily waived his right to appeal his conviction and sentence and that the appeal waiver is enforceable against him. It is undisputed that the claims Schlager raises on appeal fall within the scope of the waiver. Accordingly, because Schlager's valid and enforceable appeal waiver precludes this appeal, we dismiss it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED