**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4748**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

TERRICIOUS BURNELL BROOKS, a/k/a Turkey,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Louise W. Flanagan, District Judge.  (2:10-cr-00021-FL-1)

_____

Submitted:  March 12, 2012      Decided:  March 29, 2012

_____

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terricious Burnell Brooks pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with the intent to distribute within 1,000 feet of the real property comprising a school or playground more than fifty grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 860 (2006). The district court calculated Brooks' Guidelines range under the U.S. Sentencing Guidelines Manual (2010) at 360 months to life in prison and sentenced Brooks to 252 months' imprisonment. On appeal, Brooks' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in its calculation of the drug weight attributable to Brooks. Brooks has filed a pro se supplemental brief in which he raises challenges to his sentnece. The Government has moved to dismiss the appeal of Brooks' sentence based on his waiver of appellate rights. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and

2

enforceable. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Brooks knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss and dismiss the appeal of Brooks' sentence. Although Brooks' appeal waiver insulates his sentence from appellate review, the waiver does not prohibit our review of Brooks' conviction pursuant to <u>Anders</u>. In accordance with <u>Anders</u>, we have reviewed the remainder of the record in this case and have found no meritorious issues for review. We therefore affirm Brooks' conviction and dismiss the appeal of his sentence.

This court requires that counsel inform Brooks, in writing, of the right to petition the Supreme Court of the United States for further review. If Brooks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brooks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART