**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4954**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

PATRICK AARON WAZNY,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, Chief District Judge. (7:10-cr-00125-FL-1)

_____

Submitted: April 24, 2012         Decided: May 10, 2012

_____

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Aaron Wazny pleaded guilty, pursuant to a written plea agreement, to one count of distribution of child pornography, in violation of 18 U.S.C.A. § 2252(a)(1) (West 2006 & Supp. 2011), and one count of possession of child pornography, in violation of 18 U.S.C.A. § 2252(a)(2). The district court calculated Wazny's Guidelines range under the U.S. Sentencing Guidelines Manual (2010) at 324 to 360 months' imprisonment and sentenced Wazny to 240 months' imprisonment on the distribution count and a consecutive sentence of 100 months' imprisonment on the possession count, for a total imprisonment term of 340 months. On appeal, Wazny's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in the manner in which it determined that consecutive prison terms were warranted in Wazny's case. The Government has moved to dismiss the appeal of Wazny's sentence based on his waiver of appellate rights. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance

2

with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that this Court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Wazny knowingly and voluntarily waived the right to appeal his 340-month prison sentence. We therefore grant the Government's motion to dismiss and dismiss the appeal of Wazny's sentence. Although Wazny's appeal waiver insulates his sentence from appellate review, the waiver does not prohibit our review of his convictions pursuant to Anders. In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for review. We therefore affirm Wazny's convictions and dismiss the appeal of his sentence.

This Court requires that counsel inform Wazny, in writing, of the right to petition the Supreme Court of the United States for further review. If Wazny requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wazny.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the Court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>