**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4316**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

ANDREW FRANKLIN HOOD,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:11-cr-00112-H-1)

Submitted: October 19, 2012          Decided: November 7, 2012

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Andrew Franklin Hood pled guilty to a single count of receipt of child pornography, in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 2012), and was sentenced to 121 months' imprisonment. Counsel for Hood has now submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has divined no meritorious grounds for appeal but questioning whether the district court improperly viewed the Guidelines as mandatory, rendering Hood's sentence procedurally unreasonable. The Government has moved to dismiss the appeal of Hood's sentence based on his waiver of appellate rights. Hood was informed of his right to file a pro se supplemental brief, but has not done so. We have reviewed the record, and we grant the Government's motion, dismissing Hood's appeal in part and affirming in part.

A criminal defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope of that waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Generally, if the district court fully questions a

defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. Manigan, 592 F.3d at 627; United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Our review of the record convinces us that Hood knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss as to all sentencing issues that a defendant may lawfully waive.

As to any remaining issues, see Blick, 408 F.3d at 171-73; United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007), we have reviewed the entire record in accordance with Anders and have found no unwaived meritorious issues. We therefore affirm the district court's judgment as to all issues not encompassed by Hood's valid waiver of appellate rights.

This court requires that counsel inform Hood, in writing, of the right to petition the Supreme Court of the United States for further review. If Hood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hood.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>