**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4974**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

HAROLD GONZALEZ ROQUE,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:09-cr-00177-MOC-2)

_____

Submitted: September 28, 2012      Decided: November 26, 2012

_____

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Gonzalez Roque pled guilty pursuant to a plea agreement to one count of conspiracy to defraud the Government by filing false claims, 18 U.S.C. § 286 (2006) (Count One), and conspiracy to defraud the United States, 18 U.S.C. § 371 (2006) (Count Two). The Government moved for a downward departure under U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2010) based on Roque's substantial assistance, and Roque ultimately received a 72-month sentence. On appeal, Roque seeks to challenge the sentencing court's calculation regarding restitution, alleging the Government breached the plea agreement by referring to a money judgment entered into by the parties where none existed. The Government concedes that the statement was made in error, but argues the error did not constitute a breach or prejudice Roque. The Government further contends that because Roque agreed to waive his right to appeal his sentence, this appeal should be dismissed. Roque counters that the Government's alleged breach voids his appellate waiver. Because we conclude that the Government did not breach the plea agreement and that the appeal waiver should be enforced, we dismiss the appeal.

Roque entered into a plea agreement in which the parties agreed pursuant to Fed. R. Crim. P. 11(c)(1)(B) to jointly recommend to the court: (1) the amount of loss known to

2

or reasonably foreseeable to Roque was more than seven million dollars, but less than twenty million dollars, corresponding to a twenty-level enhancement under USSG § 2B1.1(b)(1)(K); (2) the "loss" under USSG § 2B1.1(b) may be different from, greater than, or less than "restitution" under 18 U.S.C. § 3556 (2006); and (3) Roque's adjusted offense level is thirty-four. With respect to restitution, the plea agreement provided:

> The defendant agrees to . . . pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by the defendant's "relevant conduct." . . . The defendant understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea.

Roque agreed to waive all rights to notice of forfeiture under Fed. R. Crim. P. 32.2. Additionally, he agreed to waive his right (1) to contest the conviction except for claims of ineffective assistance of counsel or prosecutorial misconduct, and (2) to appeal whatever sentence was imposed with the two exceptions set forth in (1).

At sentencing, the district court affirmed the magistrate judge's findings that Roque's plea was knowingly and voluntarily made, and that he understood the charges and the consequences of his plea. The parties stipulated to the factual basis as set forth in the presentence report ("PSR"). Neither party objected to the PSR. When the district court asked

3

whether there was any criminal forfeiture in this case to be considered as part of the judgment, the Assistant United States Attorney responded: "Your Honor, we did I think execute a money judgment. We'd ask the Court to just orally pronounce that. I think it's been executed by the parties and it's been filed." Defense counsel stated he had no objections to that motion. The court further ordered Roque to make restitution to the Internal Revenue Service in the amount of $12,342,117, as calculated in the PSR, noting that Roque was jointly and severally liable for the total amount of restitution with his co-conspirators.

Based on the Assistant United States Attorney's statement, the court noted there was a consent judgment agreement between the parties for the total amount of restitution in this case. The court recognized the judgment, ordered that it become a part of the record, stated that it would be signed by the court, and made the judgment a part of the sentence. The defense again did not object.

On appeal, Roque maintains that the Government breached the plea agreement at sentencing by proclaiming the existence of a consent judgment that did not exist. This statement, according to Roque, violated the plea agreement as it altered a material term of the plea document, i.e., restitution, and therefore voids his waiver of his right to appeal. He seeks to argue on appeal that his sentence in unreasonable because the

district court abused its discretion in ordering a restitution amount of $12.3 million dollars, based on a non-existent agreement.

Because Roque did not object to the Government's statement as a breach of the plea agreement, this court's review is for plain error. Puckett v. United States, 556 U.S. 129, 133-36 (2009); United States v. McQueen, 108 F.3d 64, 65-66 & n. 1 (4th Cir. 1997) (citing United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)). "It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Under plain error review, Roque must show not only that the plea agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" McQueen, 108 F.3d at 66 & n. 4 (quoting Fant, 974 F.2d at 565).

The Government concedes that there is no record of a money judgment agreement signed by the parties; however, it counters that Roque fails to demonstrate the Government's mistaken assertion was contrary to any promise the Government made in the plea agreement or that Roque was prejudiced by the statement. When a plea agreement rests on an agreement or

5

promise that can be said to be part of the inducement or consideration, the promise must be fulfilled. United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009). On the other hand, no party is obligated to do more than what is specified in the plea agreement itself. Id.

Under Fed. R. Crim. P. 32(b)(1)(A), which pertains to forfeitures, "[i]f the Government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay." The Government correctly notes that it made no promises or obligations in the plea agreement with respect to whether it would seek a money judgment. Therefore, Roque cannot establish the Government's statement, albeit mistaken, constituted a breach of the plea agreement.

Assuming arguendo that the Government's statement constituted a breach, that statement, contrary to Roque's assertion, did not affect the ultimate order of restitution and, therefore, no prejudice resulted. In the PSR, the probation officer specifically calculated a restitution amount of $12,342,117, the same amount ordered by the court. See Fed. R. Crim. P. 32(c)(1)(B) (directing probation officer to conduct investigation and submit report regarding restitution to the court). When given an opportunity at sentencing, Roque lodged no objections to the probation officer's calculation of

restitution in the PSR. Moreover, Roque does not assert that there has been any forfeiture of his assets in reliance on the non-existent money judgment. We conclude there was no error, much less plain error, because the Government did not breach the plea agreement.

The Government seeks enforcement of the plea agreement's appeal waiver. A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Rule 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no substantiated claim that the Government breached its obligations under the plea agreement, this court will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal, and (2) the issue being appealed is within the scope of the waiver. Id. at 168 & n. 5.

Roque waived his right to appeal his sentence except based on claims of ineffective assistance of counsel and prosecutorial misconduct. This portion of the plea agreement was reviewed at the Rule 11 hearing and Roque acknowledged that he agreed to the provision. On appeal, Roque argues that the appeal waiver is not enforceable because the Government breached the plea agreement.[*] Because the Government did not breach the plea agreement and Roque does not raise an issue outside the scope of the agreement, the appeal waiver will be enforced.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] He does not argue that his plea was not knowing or voluntary.

8