**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4301**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HASAAN JAMIL SHIPMAN, a/k/a Lil Dad,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:11-cr-00109-BO-1)

Submitted: November 29, 2012      Decided: December 14, 2012

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Charity L. Wilson, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Hasaan Jamil Shipman pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a) (2006), and was sentenced to 120 months' imprisonment. Counsel for Shipman has now submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but questioning whether the district court improperly calculated the adjusted offense level based on evidence unsupported by a sufficient indicia of reliability, rendering Shipman's sentence procedurally unreasonable. The Government has moved to dismiss the appeal of Shipman's sentence based on his waiver of appellate rights and the timeliness of the appeal. Shipman was informed of his right to file a pro se supplemental brief, but has not done so. We have reviewed the record, and we grant the Government's motion in part, dismiss Shipman's appeal in part, and affirm in part.

A criminal defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope of that waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Generally, if the district court fully questions a

2

defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. <u>Manigan</u>, 592 F.3d at 627; <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). Our review of the record convinces us that Shipman knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss as to all sentencing issues that a defendant may lawfully waive.[*]

As to any remaining issues, see <u>Blick</u>, 408 F.3d at 171-73; <u>United States v. Poindexter</u>, 492 F.3d 263, 271 (4th Cir. 2007), we have reviewed the entire record in accordance with <u>Anders</u> and have found no unwaived meritorious issues. We therefore affirm the district court's judgment as to all issues not encompassed by Shipman's valid waiver of appellate rights.

This court requires that counsel inform Shipman, in writing, of the right to petition the Supreme Court of the United States for further review. If Shipman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shipman. We dispense

---

[*] We decline to dismiss the appeal in its entirety based on the Government's other basis for dismissal: that the notice of appeal was filed one day late.

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>