<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4437**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

BRENDON EVAN HOLE, a/k/a Deago Evan Fox,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  W. Earl Britt, Senior District Judge.  (7:11-cr-00117-BR-1)

Submitted:  December 18, 2012        Decided:  January 2, 2013

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Jenna T. Blue, BLUE, STEPHENS & FELLERS, LLP, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brendon Evan Hole appeals his conviction and 70-month sentence following his guilty plea pursuant to a plea agreement to two counts of possession of a firearm by a person previously convicted of a felony offense. Hole contends that the district court erred by denying his motion for a continuance and that his sentence is unreasonable. The Government asserts that Hole's appeal of his sentence is foreclosed by the waiver of appeal rights in his plea agreement and that the remainder of the appeal is without merit. We dismiss in part and affirm in part.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently

2

agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. Id. at 168 & n.5.

Upon review of the record and the parties' briefs, we conclude that Hole knowingly and voluntarily waived the right to appeal his 70-month sentence. Accordingly, we dismiss the portion of Hole's appeal challenging the reasonableness of his sentence.

Hole also contends that the district court erred by denying his motion for a continuance to allow him an opportunity to review with counsel the plea agreement, which he received just before the plea hearing. This court reviews for abuse of discretion the district court's denial of a continuance. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). In addition to demonstrating an abuse of discretion, the defendant also must show that the denial of a continuance specifically prejudiced his case. United States v. Hedgepeth, 418 F.3d 411, 423-24 (4th Cir. 2005).

Hole contends that he was not afforded sufficient time to consider the plea agreement and was forced to make a hasty decision as to whether to accept it. At the beginning of Hole's arraignment, counsel requested a continuance. The court offered to allow counsel and Hole to confer after the court advised the defendants of their rights, but before the court specifically addressed Hole. Counsel stated that this arrangement "probably"

3

would be sufficient. Counsel was then afforded the opportunity to confer with Hole. When the court called Hole's case, counsel did not renew the motion and neither counsel nor Hole expressed any concern that they had insufficient time to discuss the plea agreement. Rather, upon the court's inquiry, Hole stated that he had "plenty of time" to discuss the case with his attorney, that he discussed the plea agreement with counsel, and that he read and understood the terms of the plea agreement before he signed it. Based on counsel's agreement with court's suggested alternative to a continuance and Hole's admissions that he had sufficient time to review his case and the plea agreement, we conclude that Hole has failed to show that the district court abused its discretion in denying his request for a continuance. See Williams, 445 F.3d at 739.

Moreover, Hole has not asserted any manner in which he was prejudiced by the denial of a continuance. Although he asserts that he was forced to "make a hasty decision," he did not attempt to retract that decision by seeking to withdraw his plea. Nor has Hole asserted that, had he been given more time to review the plea agreement, he would have rejected the agreement and proceeded to trial. See Hedgepeth, 418 F.3d at 423-24 (requiring defendant to show prejudice resulted from denial of motion for continuance).

4

We conclude that Hole has failed to show that the district court abused its discretion in denying his motion for continuance and therefore affirm the district court's decision and affirm Hole's conviction. We dismiss the appeal in part based on Hole's waiver of his right to appeal his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART