**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4964**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LUIS ENRIQUE GARCIA,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:12-cr-00054-RLV-DSC-1)

Submitted: September 25, 2014    Decided: September 29, 2014

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Murray Kamionski, LAW OFFICE OF MURRAY KAMIONSKI, Manhattan Beach, California, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Enrique Garcia appeals his 188–month sentence following his guilty plea pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012). The Government argues that Garcia's appeal of his sentence is foreclosed by the waiver of appeal rights in his plea agreement. We dismiss in part and affirm in part.

A criminal defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the Government seeks to enforce an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. Id. at 168 & n. 5.

Upon review of the record and the parties' briefs, we conclude that Garcia knowingly and voluntarily waived the right to appeal his sentence. Accordingly, we dismiss the portion of Garcia's appeal challenging his sentence.

Garcia also challenges his sentence on the basis that trial counsel rendered ineffective assistance at the sentencing hearing. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claims in a 28 U.S.C. § 2255 (2012) motion. Id. An exception exists, however, where the record conclusively establishes ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). After review of the record, we find no conclusive evidence that trial counsel rendered ineffective assistance, and we therefore decline to consider this claim on direct appeal.

Accordingly, we dismiss the appeal in part and affirm the district court's judgment in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART