**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4938**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADAM GUNN, II,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:18-cr-00020-GMG-RWT-4)

Submitted: May 23, 2019                                Decided: May 28, 2019

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant. Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Gunn, II, pled guilty, pursuant to a written plea agreement, to distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2012). Gunn's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Gunn's plea was valid and whether his 151-month sentence was reasonable.[1] Gunn has also filed a pro se supplemental brief raising additional issues.[2] We affirm.

Because Gunn did not move to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To demonstrate plain error, Gunn "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights. In the Rule 11 context, this inquiry means that [Gunn] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* at 816 (citation and internal quotation marks omitted). Our review of the Rule 11 colloquy reveals that the magistrate judge and district court fully complied with Rule 11 and that Gunn's plea was valid. We therefore affirm Gunn's conviction.

---

[1] Gunn's plea agreement contained a provision waiving his right to appeal. However, because the Government has not sought to enforce the waiver, our review pursuant to *Anders* is not precluded. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

[2] We have reviewed the issues raised in Gunn's supplemental brief and conclude that they lack merit.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it is within or below the defendant's Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

After properly calculating Gunn's Guidelines range, the district court explained why a sentence of 151 months—at the low end of the Guidelines range—was sufficient but not greater than necessary to achieve the sentencing objectives in light of the § 3553(a) factors. Moreover, nothing in the record rebuts the presumption of reasonableness attached to Gunn's sentence. We therefore affirm Gunn's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and deny counsel's motion to withdraw. This court requires that counsel inform Gunn, in writing, of the right to petition the Supreme Court of the United States

3

for further review.  If Gunn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Gunn.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*