**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4040**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ADRIAN MORRISON,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00204-CCE-1)

Submitted:  October 15, 2019          Decided:  December 10, 2019

Before RICHARDSON and RUSHING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Morrison pled guilty, pursuant to a written plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Morrison to a total of 216 months' imprisonment, and Morrison now appeals. Morrison's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Morrison's § 924(c) conviction is valid. We affirm.[*]

Morrison questions whether, after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (invalidating the residual clause in § 924(c)(3)(B)), his § 924(c) conviction is valid. Because we have held that Hobbs Act robbery is a crime of violence under the force clause in § 924(c)(3)(A), Morrison's § 924(c) conviction is valid. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Morrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Morrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

---

[*] Morrison's plea agreement contained a provision waiving his right to appeal. However, because the Government has not sought to enforce the waiver, our review pursuant to *Anders* is not precluded. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morrison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*