**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4488**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LEE PAULEY, JR., a/k/a Bobby,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cr-00060-GMG-RWT-3)

Submitted:  August 24, 2021                        Decided:  August 26, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Diana Lynn Stavroulakis, Weirton, West Virginia, for Appellant.  Laura Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Pauley, Jr., pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Pauley to 360 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the waiver of appellate rights included in the plea agreement is enforceable and whether the sentence is reasonable. Although notified of his right to do so, Pauley has not filed a pro se supplemental brief. The Government declined to file a brief and did not move to enforce the appellate waiver in Pauley's plea agreement.[*] We affirm the district court's judgment.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

---

[*] Because the Government has not moved to enforce the appellate waiver, we can conduct a full review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

At sentencing, the district court adopted Pauley's properly calculated advisory Guidelines range to which neither party objected, provided an opportunity for the parties to argue for an appropriate sentence, and afforded Pauley an opportunity to allocate. The court accepted counsel's argument for a below-Guidelines sentence, and, in explaining the sentence, the court weighed the 18 U.S.C. § 3553(a) factors it deemed most relevant, particularly, Pauley's extensive criminal history, the serious nature of the offense, and the protection of the public from further crimes. We conclude that Pauley has failed to rebut the presumption of reasonableness that we afford his below-Guidelines sentence. Thus, Pauley's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this appeal and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Pauley, in writing, of the right to petition the Supreme Court of the United States for further review. If Pauley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pauley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*