**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4174

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAKOTA REESE DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00105-FDW-DCK-1)

Submitted:  June 28, 2023                      Decided:  July 12, 2023

Before DIAZ, Chief Judge, WYNN and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dakota Reese Davis pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l), (b)(l)(A), 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 84l(a)(l), (b)(1)(B). On appeal, Davis' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by failing to orally announce the conditions of supervised release included in the written judgment. Although informed of his right to file a pro se supplemental brief, Davis has not done so. The Government has declined to file a response.\* We affirm.

A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). "[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299. "Express incorporation" is not only "a critical part of the defendant's right to be present at sentencing" but "also provides [the court] with the crucial objective indication that a district court has undertaken the necessary individualized assessment and made a considered determination, at the time of sentencing, that an

---

\* Because the Government does not seek to enforce the appeal waiver in Davis' plea agreement, we conduct a full review of the record under *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

identifiable set of discretionary conditions should be imposed on a defendant's supervised release." *Id.* at 300 (internal quotation marks omitted). "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed," "a later-issued written judgment that details those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral pronouncement." *Id.* at 299. Generally, we review de novo the consistency of a defendant's oral sentence with the written judgment. *Id.* at 296. But where, as here, the defendant argues, for the first time on appeal, that the district court's oral incorporation by reference of supervised release conditions was not sufficiently clear to pronounce the conditions included in the written judgment, we review the issue for plain error. *United States v. Elbaz*, 52 F.4th 593, 611-12 (4th Cir. 2022), *petition for cert. filed*, No. 22-1055 (U.S. May 1, 2023).

At sentencing, the district court adopted the 23 standard conditions of supervision contained in the Western District of North Carolina's standing order and announced one special condition: that Davis participate in a mental health evaluation and treatment program. Because the district court's reference to the standing order was clear, *see Rogers*, 961 F.3d at 299, the conditions of supervision from the standing order match the conditions listed in Davis' written criminal judgment, and the court orally announced the one special condition as stated in the written judgment, we conclude that the district court did not err in its pronouncement of Davis' supervised release conditions.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the

3

Supreme Court of the United States for further review.  If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*